THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
CHARLES P. ACTON, PLAINTIFF IN ERROR.

Submitted October 16, 1931—Decided May 10, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and CASE.

For the plaintiff in error, *F. Newlin Acton.*

(No argument was submitted for the state.)

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error, Charles
P. Acton, was convicted upon an indictent based upon sec-
tion 167 of the Crimes act (*Comp. Stat., p.* 1795), and
charging him with the offense of embezzlement, the specific
averment in the indictment being that he did feloniously
embezzle and convert to his own use moneys that were com-
mitted to his care as president and manager of Charles P.
Acton, Incorporated, by the United States Fidelity and Guar-
anty Company, a body corporate. His first contention is

that the conviction should be set aside because the proofs fail to show that he was guilty of the crime specified in the indictment, and that the trial court, therefore, erred in not directing a verdict of acquittal.

The provision of the statute upon which the indictment is based is as follows: "Any person who, holding an office of trust and profit under the authority of this state, or under any public or private corporation existing under the laws thereof, shall embezzle any of the money, property or securities committed to his keeping, with intent to defraud * * * such body corporate, shall be guilty of a high misdemeanor."

The proofs submitted on the part of the state disclosed the following situation: That the defendant was the president and manager of Charles P. Acton, Incorporated, a corporation organized under the laws of this state; that this corporation had been appointed the agent of the United States Fidelity and Guaranty Company (a corporation of the State of Maryland, engaged in the business of writing surety bonds) for the collection of moneys payable by the obligees upon surety bonds executed by the said United States Fidelity and Guaranty Company as obligors; that in the performance of its duty as such agent said Charles P. Acton, Incorporated, from time to time collected moneys from the parties to whom surety bonds had been or were to be issued by the Maryland corporation and deposited these moneys to its account; and that the defendant fraudulently withdrew some of these moneys from the account of Charles P. Acton, Incorporated, and appropriated them to his own use. We think that the proofs submitted and already recited fail to disclose the crime charged against the defendant in the indictment; namely, that he feloniously embezzled and converted to his own use moneys belonging to the United States Fidelity and Guaranty Company and committed to his care as president and manager of Charles P. Acton, Incorporated. In our opinion, these proofs show that the moneys were not entrusted and committed to the care of the president or any other officer of Acton, Incorporated, but were entrusted to the care of the corporation itself, which deposited the same to its

account, and that the defendant feloniously abstracted from the funds of this corporation, of which he was president, moneys entrusted to it and for the payment of which it was legally responsible to the Maryland corporation, and fraudulently appropriated those moneys to his own use; in other words, that he was guilty of the larceny of moneys in the possession of and entrusted to the corporation whose officer he was, and not guilty of embezzlement of moneys entrusted to his care by the United States Fidelity and Guaranty Company. On this phase of the case our conclusion is that the refusal of the trial court to direct a verdict of acquittal was harmful error, and that for this reason the conviction should be reversed.

It further appeared in the case that, after the defendant had been arraigned before the trial court and had entered a plea of not guilty, he applied for leave to withdraw that plea, and that this application was granted. Subsequently the defendant moved to quash the indictment, and that motion was denied, and the trial of the cause was then proceeded with, although no plea was entered by the defendant after the refusal of the motion to quash. At the close of the case, no testimony having been submitted on the part of the defendant, counsel for the latter moved that judgment be arrested upon the ground that there was no issue to be determined by the jury. This motion was denied, and the denial is also urged as a reason for reversal. It seems to us that there was error in this refusal. As was said by this court in the case of *State* v. *Brennan,* 83 *N. J. L.* 12, "in every criminal case there must be a plea to the indictment preferred against the accused, for without a plea there is no issue, and without an issue there can be no valid trial, there being nothing to try."

There are other grounds for reversal urged directed at rulings upon evidence, but our examination of the brief of the plaintiff in error upon these points leads us to the conclusion that none of them are meritorious.

For the reason indicated, we conclude that there should be a reversal.